### WILMS v WILMS

Ohio Appeals, 2nd Dist, Montgomery Co

No 1389.   Decided June 18, 1936

Phillip and S. E. Roettinger, Cincinnati, and Pickrel, Schaeffer, Harshman & Young, Dayton, for John Henry Wilms.

Charles Elston, Cincinnati, and Routzohn, Nevin & Routzohn, Dayton, for Louise Evatt Wilms.

### OPINION

By HORNBECK, J.

Plaintiff sued the defendant for divorce and alimony and for the custody of their minor child.

The grounds averred were habitual drunkenness for more than three years last past and extreme cruelty, based upon physical violence and upon acts of mental cruelty. The answer of the defendant was a general denial of the grounds set out in the petition.

On trial had a decree of divorce was granted to the plaintiff for the aggression of the defendant, in that he was chargeable with extreme cruelty. The defendant prosecuted an appeal on questions of law and in the brief of the defendant one proposition only is urged, namely, that as a matter of ˙ ˙˙ upon the facts as adduced in the trial there had been a condonation of the ground for divorce upon which the decree was granted.

It is not necessary to state the facts at length which the evidence developed. There is no dispute among counsel for the parties that the trial court could well have found that grounds for divorce had been substantiated respecting acts which occurred prior to January 23, 1935. There had been one separation of the parties in September, 1933, induced by habitual drunkenness of the defendant, together with mental and physical cruelty. It developed that the last separation of the parties occurred on January 23, 1935. The plaintiff, indicating what led up to this separation, said

that early in the morning of the day of the separation the defendant kicked the plaintiff while they were yet in bed; that this conduct followed several days of steady drinking by the defendant. The plaintiff with her son left their home and she has not again returned to the defendant.

It appears that from the first separation until the second and last separation the parties lived together as husband and wife; that they slept together on the night preceding the morning of the day that she left and because of this fact it is urged by counsel for the defendant that there has been a condonation of both grounds of divorce asserted in the petition.

We are favored with extended and helpful briefs. We are satisfied that condonation may be stated as a conditional forgiveness by a spouse of acts of aggression by the other party to the marriage relation. Thus, in the instant cause, when the plaintiff resumed marital relations with the defendant after their first separation, she conditionally forgave him of his offensive acts which would have constituted grounds for divorce and agreed to live with him again upon the understanding of both parties that he would not again offend in like manner. That he did not observe the condition of the contract on his part to be performed clearly appears from this record. Instead of behaving and doing better, his conduct was progressively worse and clearly, if the testimony in behalf of plaintiff is to be believed and the trial court certainly had a right to accept it, his conduct constituted both habitual drunkenness and extreme cruelty. Living under these conditions and tolerating them the plaintiff continued to live with the defendant until the morning of January 23, 1935. On this morning a specific act of cruelty occurred, namely, the kicking of the plaintiff by the defendant. From the record this condition may be said to have been brought on by the persistent drunkenness of the defendant resulting in a course of conduct constituting extreme cruelty, which persisted up to the time of the final separation.

No corroboration of the statement of the plaintiff that the defendant kicked her is forthcoming from the record and in the very nature of things there might not be. Our Code provides that a decree of divorce shall not be granted upon the unsupported testimony or admissions of a party. There is corroboration in the record of the fact that the plaintiff left the defendant on the morning of January 23, 1935; that prior thereto the conduct of the defendant had been most offensive by reason of his general habits of intoxication. There is an absence of testimony from which it may be properly inferred that the specific statements which the plaintiff makes touching the acts of the defendant are true.

The testimony of the defendant, in which he categorically denies any acts of constituting a ground of divorce is unusual and unreasonable. A reading of this testimony is convincing that the trial court would have been well within its province in disregarding all that he said. We are satisfied from this record that it fairly appears that the continuing acts of aggression by the defendant toward the plaintiff in the particulars averred in the petition and on the ground upon which the trial court predicated the decree brought about the separation on January 23, 1935, and that the testimony fairly considered corroborates the reason specifically assigned by the plaintiff for the final separation.

We have considered the cases cited by counsel for the defendant, namely, McDwire v McDwire, Wright's Reports, 354; Mansfield v Mansfield, Wright's Reports 284; Barnes v Barnes, Wright's Reports, 475; Questel v Questel, Wright's Reports, 491; **Rousey v Rousey, 7 Abs 467.**

In the McDwire case, supra, many acts of extreme cruelty on the part of the husband had occurred, after which the parties lived together, but no action of aggression appeared after the resumption of the marital relations. The court very succinctly disposed of the question in this language:

"It has been uniformly decided, that where the parties have themselves forgiven the injury and been reconciled, it makes no ground for divorce. **There is no cruelty proven since the reconciliation.**" Emphasis ours.

In the Mansfield case, supra, it clearly appeared that there was collusion between the parties. The only statement in the opinion germane to our question is clearly inoffensive to our determination, namely:

"* * * if it appear * * * that a divorce is prayed for, for a cause which has been forgiven by the parties, a divorce is never decreed."

In the Barnes case, supra, acts which would have constituted extreme cruelty occurred, after which the parties became reconciled and lived together **"and again quarreled."** (Emphasis ours). The court said:

"One cause alleged for the divorce is extreme cruelty. Sufficient of cruelty has been proven to ground a decree upon, but the whole has been forgiven, and the parties afterwards lived together. After condonation, parties are not allowed to look back to a previous offense, as a ground of divorce." (Emphasis ours).

In other words, those acts which occur before condonation cannot be made the subject of or included in a cause of action for divorce unless there has been a new act which would constitute a ground of divorce, but prior misconduct is revived and may be considered as it bears upon the utlimate question, viz., the ground of divorce charged.

There is nothing in the cited case which indicates that any conduct on the part of the husband after the reconciliation was sufficient to revive the act or remove the condition upon which the condonation existed.

In the Questel case, supra, the ground for divorce was extreme cruelty, which, clearly, had been condoned. After the condonation some acts occurred which, if true, would have constituted another and separate ground for divorce. The court said:

"Where parties live together after the injury complained of, it is held a forgiveness of the injury, and to prevent a recurrence to it as a distinct cause of divorce. Such is this case, and the cruelty, therefore, is to be left out of the question."

**14 O. Jur. 401**, after defining condonation as derived from the above case cited from Wright's Reports, makes this statement:

"It is generally held, however, that condonation is conditional upon the future good behavior of the offending party, and that a subsequent repetition of the offense will operate to remove the bar of condonation, and revive such prior acts as grounds for divorce." Citing **Rousey v Rousey, 7 Abs 467; Henry v Henry, 11 O. Dec. Rep. 781, 29 Bull. 156; Shock v Shock, Dayton, 331.**

The Rousey case, supra, is of no benefit here because it involves that aspect of condonation where one of the parties resumes the marital relation without full knowledge or appreciation at the time of all the facts incident to the other's misconduct.

Henry v Henry, supra, does not state enough of the facts to determine upon what the court based the statement that the testimony of the wife, concerning acts which occurred after the condonation and upon which divorce was sought, was unsupported.

It is said in Knibb v Knibb (N. J.), 28 A.L.R. 1160, that:

"Specific corroborating witnesses need not be produced to support petitioner's allegation in a divorce proceeding."

That is to say, that the corroboration may be inferential.

In an annotation to Hickman v Hickman, 14 A.L.R. 940 the annotator says:

"It is well established that subsequent ill treatment is a breach of the condonation of cruelty and revives the offense." Citing authorities from 9 states and England.

In this case it is our judgment that the action of cruelty occurring on the morning that the plaintiff left her home could properly be said to be the aftermath and result of a course of conduct, induced in the main by drunkenness, constituting extreme cruelty toward the plaintiff. When this misconduct was renewed it amounted to a revocation of the condonation so that the court might give consideration not only to the offense which occurred on the morning of the separation, but also to other misconduct and if all of the testimony supported the conclusion that the wife separated because of the extreme cruelty of the husband, it was proper to grant the decree of divorce to her.

We are satisfied that the determination of the trial court did not violate any legal principle, that condonation did not appear and that the evidence was sufficient to support the decree. Condonation must be proven affirmatively and it is urged upon us that it should, therefore, be plead and not having been set up was not properly before the court. We do not say whether or not it is necessary to plead it but consider the case as though it were presented upon the facts.

Judgment affirmed.

BARNES, PJ, and BODEY, J, concur.

## ON MOTION FOR DISMISSAL

Decided April 10, 1936

By THE COURT

The above entitled cause is in this cour

by appeal under the new procedure law effective January, 1936. The appeal was taken by the defendant.

Counsel for defendant has filed three separate motions for dismissal. At the oral hearing two of the motions were voluntarily withdrawn leaving the following for determination:

"Now comes the plaintiff, Louise Evatt Wilms and moves the court to dismiss the above entitled appeal proceedings for the reason that defendant has failed to comply with Rule VII of the Rules of the Court of Appeals by filing an assignment of errors within the time prescribed therein."

Sec 12223-21 GC in part reads as follows:

"Appeals taken on questions of law shall be heard upon assignments of error filed in the cause or set out in the briefs of the appellant before hearing. Errors not argued by brief may be disregarded, but the court, in its discretion may consider and decide errors which are not assigned or specified. Failure to file such briefs and assignments of error within the time prescribed by the court rules shall be cause for dismissal of such appeal."

So much of Rule VII as is pertinent is herein quoted:

"Counsel for appellant shall within fifty (50) days after filing notice of intention to appeal, file with the clerk his assignments of error and briefs and bill of exceptions."

From the above it would appear that the phraseology in the rule if construed literally would extend beyond the language of the statute. Under the language of the above quoted statute the legislature has said that on appeal the question of law shall be heard upon **assignments of error filed in the cause or set out in the briefs of the appellant** before hearing.

Without intending to give a construction that will be binding in future cases but merely applicable to this case, we will exercise the discretion of overruling plaintiff's motion. Exceptions will be allowed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.

## ON MOTION TO MODIFY RESTRAINING ORDER

### Decided April 10, 1936

By THE COURT

Motion is presented by counsel for appellant, John Henry Wilms, for an order modifying the restraining order heretofore issued in the trial court by which appellant would be permitted sufficient securities to be withdrawn from the operation of the restraining order so that same may be deposited with a surety company.

In a proper case we would have the question of the right of this court on motion to, modify an effective order of the trial court. However, an examination of the transcript of the docket and journal entries, together with the original papers discloses that no such order has ever been made.

Neither do we find anything in the petition or the record through which any request for such order has been made. The motion will therefore be dismissed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.