Hann v. Hann.

FRANK C. HANN

*v.*

RUTH E. HANN.

[Filed February 28th, 1899.]

The burden of sustaining the defence of a condonation of acts of adultery is not met by evidence that the husband, for three or four days after his knowledge thereof, remained at his home and occupied the same sleeping apartment and bed with his wife, it not satisfactorily appearing that during such time there was any reconciliation or explanatory denial which the husband accepted, or any renewal of sexual intercourse.

On bill for divorce, answer and proofs.

*Mr. Howard Carrow,* for the complainant.

*Mr. George W. Bacon,* for the defendant.

Hann *v.* Hann.

GREY, V. C.

This bill is filed for divorce because of alleged adultery on the part of the defendant wife. The defence is a denial of the charge, and an allegation of condonation after the facts on which the charge is based had come to the knowledge of the complainant.

As to the charge of adultery I am satisfied by the proofs that the defendant is guilty. There are many facts in the testimony which compel this belief, culminating in the circumstantial statements of the witness, Mrs. Weir, relating what she saw and heard, and what the defendant told her as to the events of the night of April 16th, 1897.

There remains only the inquiry, did the complainant condone his wife's offence? It is admitted that for three or four days after he had received information of her unfaithfulness he remained at his home and occupied with her the same sleeping apartment and bed. She testifies that during that time he had sexual connection with her, and thus condoned her offence.

The complainant, while admitting that he did not at once, upon knowledge of her guilt, force his wife from his house, or himself leave it, yet denies that during the few days they remained together they in any way resumed their marital relations.

That the parties occupied the same room and bed is undoubtedly of great significance as an element of proof of condonation, and this would, if unexplained, justify a conclusion that there was forgiveness and a restoration of the wife to her former place. But mere physical presence of the wronged husband with the wife after knowledge of her adultery, though it may justify a strong presumption of condonation, does not so conclusively establish it that it may not be rebutted. If there was in fact no forgiveness and no renewal of sexual intercourse, then there was no condonation.

All the affirmative proof of actual sexual intercourse is wholly dependent upon the testimony of the defendant, who denies her adultery, which is conclusively established with just as much positiveness as she asserts her husband's resumption of intercourse after his interviews with Mrs. Weir. Her credibility is entirely overthrown, and while she may testify truthfully, her

Hann v. Hann.

testimony, when contradicted by that of her husband, cannot be accepted unless supported by other proof.

The testimony as to the state of feeling between the parties and the attending circumstances during the short period that they were together, bears against the defendant's claim of condonation and the presumption which attends upon their occupation of the same bed.

The complainant appears to have been upon unpleasant terms with the defendant for a considerable time before he discovered her adultery; he struck her in the face because she appeared to be arranging a meeting with her paramour; he was in a continual condition of doubt as to her good faith up to the time of the actual disclosure of the overwhelming proofs of her guilt in a manner which made her denial an absurdity. Several days passed before they separated, and the wife adroitly insists that during this time there was sexual intercourse between them. There is no evidence that there was any explanatory denial by the wife which the husband accepted, nor of any conference and forgiveness nor of any asking or obtaining of a reconciliation. Indeed the testimony of the wife is to the effect that she then and always indignantly denies her guilt, and repelled the accusation, and it is quite as apparent that the husband then and ever since insisted that she was false and maintained his accusation. While they were in this attitude of open hostility and with no pretence of a reconciliation, the defendant asserts that their marital relations were resumed. The undenied proofs show that the feelings of these persons towards each other were not those which would probably lead to such a result. The complainant testifies that during the three or four days they were together after the disclosure the defendant was sick, and that she continued to be so during the few days that he stayed in the same house with her, and he swears that during that period he exercised none of his marital rights. The wife denies her sickness at the time, and her mother also contradicts the complainant, but neither the testimony of the mother on this point nor her manner on the stand gave a favorable opinion of her credibility. The complainant had the appearance of a truthful, frank

man, who related the facts as he remembered they happened, and his statement coincided with the other circumstances.

The impression I received from his testimony was that his feelings towards his wife during the period referred to, and her physical condition were such that her presence in his bed and room was no temptation to him; that on the first certain discovery of her crime he had no plan of separation and he permitted her to stay in his house on mere sufferance during the time when she now says he received her again as his wife. There is no other element or circumstance in the case which supports the wife's statement, and I am unable to believe it. The burden of sustaining this defence is upon the defendant who sets it up. In my view she has failed to carry it, even when aided by the presumption of forgiveness which attends upon continued occupation of the same bed.

I will advise a decree for divorce because of the adultery of the defendant as alleged in the bill.