EMMA T. BYRNE, petitioner,

*v.*

JOHN E. BYRNE, defendant.

[Decided July 21st, 1921.]

1. Whenever a cause for action for divorce, whether for adultery or desertion, is destroyed by condonation or otherwise, the suit is not, because it cannot be, any longer pending *bona fide;* it may be open and undismissed of record because of the inaction or neglect of the parties, but, the cause for action being gone, it can neither create nor continue a status depending on it.

2. If a suit for divorce be commenced by one spouse against the other, and during its pendency the parties reunite and resume cohabitation and marital relations, the pending cause for divorce is destroyed through condonation of the offence pleaded therein, and, as that cause could not be further prosecuted, its remaining open and undismissed of record is

not a bar to the running of the time of desertion pleaded in a subsequent suit for divorce between the same parties.

3. In a suit for divorce, if the proofs show a willful, continued and obstinate desertion for two years next before the filing of the petition, the offence is complete, notwithstanding that a date earlier than the commencement of that period was alleged in the petition as the actual date upon which the desertion commenced; but, desertion once commenced, must have been continued without interruption for the statutory period to entitle the petitioner to a decree.

On final hearing *ex parte* on master's report in divorce.

*Mr. Clarence L. Cole,* for the petitioner.

WALKER, CHANCELLOR.

This was a case for divorce for desertion. The defendant defaulted in pleading and the cause was referred in due course to a special master to ascertain and report as to the truth of the allegations of the petition and his opinion thereon. Depositions were taken before the master, who has returned them, together with his report. He found that the parties were married May 22d, 1910, and that the petitioner had the requisite residential status, and that the petitioner and defendant lived together as husband and wife until about June or July, 1916, when the husband instituted a suit in this court for divorce against the wife on the ground of adultery; that there is proof in this case that the defendant subsequently cohabited with the wife in the summer of 1916, and again as late as April, 1917; that he then left her apparently without indicating an intention to desert, but that an intention to desert was formed in July, 1917, and thereafter continued willfully and obstinately for more than two years previous to the institution of this suit. The master then observed that in the suit for divorce brought by the husband for adultery the citation was returned duly served and an answer filed by the wife denying the allegation of adultery, and also setting up condonation, in bar, and that the husband did nothing toward the further prosecution of the cause, which remains open and undismissed of record. Upon this state of facts the master reports that the husband's petition for divorce in the previous suit was brought in good faith, and, therefore, he is constrained

under the decisions in this state to report adversely to granting a divorce to the petitioner in this suit upon the ground that none of the time occupied by the pendency of a prior *bona fide* suit for divorce between the parties can be counted as any part of the time of desertion relied upon for a divorce in the subsequent suit.

Defendant excepts to the report, filing six several and specific exceptions, when only one should have been filed. See *McCauley* v. *McCauley, 88 N. J. Eq. 392.*

In *McLaughlin* v. *McLaughlin, 90 N. J. Eq. 322,* I had occasion to examine the law of the pendency of a prior suit for divorce as affecting the period of desertion in a subsequent one, and held that none of the time occupied by the former proceeding could be computed as part of the time of the desertion in the later cause provided the latter was *bona fide,* reviewing earlier cases. In the *Weigel* and *von Bermuth Cases,* cited in the *McLaughlin Case,* the decisions were that pendency of the former suits did not operate in bar because those suits were not brought in good faith. These cases, of course, were decided upon their own particular facts, and they, it appears, were *brought* in bad faith. There is nothing in them which militates against the view that if, having been brought in good faith, they at any time during their pendency ceased to be prosecuted in good faith, that the same doctrine would not apply, namely, that thereafter—that is, after the cessation of the period of good faith, a cause for divorce would be regarded as no longer pending, at least, not in such a way as to bar the running of the time of desertion. And there is nothing in the other cases cited in the *McLaughlin Case* which militates against this view. It would be singular, indeed, as in the case before me, for example, if a husband could separate himself from his wife and bring suit against her for divorce for adultery, and then, pending that suit, reunite, cohabit and indulge in sexual intercourse with her, and thereafter further prosecute that suit. Of course, that could not be done. Reunition, renewed cohabitation and sexual intercourse would, of course, be a condonation of the offence charged, and would absolutely bar any prosecution for that cause of action, whether it were set up in the pending or a subsequent case.

Whenever a cause for action for divorce, whether for adultery or desertion, is destroyed by condonation or otherwise, the suit is not, because it cannot be, any longer pending *bona fide.* It may be open and undismissed of record because of inaction or neglect of the parties, but the cause for action being gone, it can neither create nor continue a status depending on it.

In *Rinehart* v. *Rinehart, 91 N. J. Eq. 355,* a prior suit for divorce, open and undismissed of record, confronted the petitioner in a later case, and I observed (at *p. 356*) that if the former suit had been pending *bona fide,* since the filing of the instant petition, the divorce prayed for in that second cause would have to be denied. The fact was that in the first cause only a petition has been filed, and the defendant had not been brought into court to answer it. And I further held that it could not be said with reason that a case was pending *bona fide* against a defendant who had not been brought into court to defend it. See also my remarks, when vice-chancellor, in *Eardley* v. *Eardley,* quoted in *Rinehart* v. *Rinehart* (at *p. 358*).

In *Drayton* v. *Drayton, 54 N. J. Eq. 298,* cited in the *Mc-Laughlin Case,* it was distinctly held that if a suit for divorce for adultery be brought in good faith and prosecuted with diligence, the time consumed by it will not be computed as part of the statutory period necessary to the desertion which will authorize a divorce. Here is a clear intimation that if a divorce suit be not prosecuted with diligence it will not bar the time of desertion pleaded in a subsequent suit. And Chancellor McGill says in the opinion (at *p. 302*) that during the time consumed by a suit for divorce the law does not require the parties to cohabit together. Certainly it does not, and it does no more than that. Of course, it permits them to cohabit together pending such a suit, as it favors marriage and disfavors divorce. The effect of such cohabitation, as I pointed out above, is to destroy the cause for action in the then pending suit.

The views above expressed lead to the conclusion that if a suit for divorce be commenced by one spouse against the other, and during its pendency the parties reunite and resume cohabitation and marital relations, the pending cause for divorce is destroyed through condonation of the offence pleaded therein, and, as that

cause could not be further prosecuted, its remaining open and undismissed of record is not a bar to the running of the time of desertion pleaded in a subsequent suit for divorce between the same parties.

The prior suit between these parties was ended by condonation of the wife's offence, if she were guilty (which does not appear), by reason of their reunition, resumption of cohabitation and marital relations as late as April, 1917. The petition in this case was filed November 11th, 1920, and while it alleges desertion to have taken place in the month of April, 1915, ever since which time and for more than two years then last past it willfully, continuedly and obstinately persisted, the proofs show that it certainly commenced in July, 1917, which was more than the required statutory period before the filing of the petition, and the petitioner is entitled to a divorce, notwithstanding that desertion has not been proved during the whole period alleged in the petition; for, if the proofs show a willful, continued and obstinate desertion for two years next before the filing of the petition, the offence is complete and a decree should be granted. *Drayton* v. *Drayton, supra* (at *p. 300*); *Carroll* v. *Carroll, 68 N. J. Eq. 724; Foote* v. *Foote, 71 N. J. Eq. 273, 279.* See, also, *Grady* v. *Grady, 64 Atl. Rep. 440.*

In the *Carroll Case* the petition (as disclosed by the record) was filed May 14th, 1903, and alleged that the defendant deserted the petitioner on May 4th, 1893, ten years previous. The special master reported that the defendant deserted the petitioner during the latter part of the month of November, 1894. Chancellor Magie, reviewing the master's report in a filed but unreported memorandum, queried as to the period when the defendant's absence became a desertion of the petitioner. This shows that he had no notion that it had to be tied absolutely to the precise date alleged in the petition. The chancellor then went on to observe that he did not think that the evidence established a desertion for the statutory period and dismissed the petition. The petitioner appealed and the court of errors and appeals reversed the decree in chancery and granted a divorce, observing (at *p. 727*) that it is not necessary to begin a desertion that the deserter intend to desert at the time he leaves his home;

that if the proof shows that he at any time while absent determined that from thenceforth he would desert his wife, and that determination is persisted in willfully, continuedly and obstinately for the statutory period, that will constitute desertion for the required time. This case (*Carroll* v. *Carroll*) was cited with approval in *Foote* v. *Foote* (at *p.* 279). The pleadings in the *Foote Case* (as an examination of the record discloses) do not present as clear-cut a case as that of Carroll on the question under discussion, for in the *Foote Case* the allegation in the petition is that the defendant in or about June, 1892, went away with the consent of the petitioner and was to send for her, which he did not do, and the averment is, that for more than two years then last past he had willfully, continuedly and obstinately deserted her. Vice-Chancellor Stevenson refused a decree. The court of errors and appeals, at the bottom of *p.* 278, observed that after a long silence the defendant, in September, 1893, returned to his mother's house, but not to his wife (who lived in the same town), nor had he ever returned to her or offered to resume marital relations or provide for her; that this conduct is what constituted the actual desertion of the complainant; that when the intention to desert became fixed in the mind of the defendant, the complainant was unable to say, but his actions and the corroborative circumstances left no doubt that such a determination was reached long prior to the two years before the filing of the petition.

There is no conflict between this doctrine and that enunciated in *Orens* v. *Orens*, 88 *N. J. Eq.* 29, to the effect that a desertion once commenced must be shown to have continued without interruption, for otherwise a complete reconciliation and reunition of the parties might take place during the interruption, which would entirely destroy any right to a divorce arising out of the previous desertion. See, also, *Myles* v. *Myles,* 77 *N. J. Eq.* 265.

The prior suit between these parties, assuming guilt (which was not proved), ceased to be pending *bona fide* after the condonation above referred to, which was more than two years prior to the filing of the petition in this cause, and, therefore, the prior suit is no impediment to the prosecution of the present one—that is, the time during which the prior suit has remained

open and undismissed of record after it ceased to be pending *bona fide,* is no bar to the running of the time of desertion pleaded and proved in the present suit; and the petitioner is entitled to a divorce in this cause.

Decree *nisi* accordingly.