## JOSEPH REX v LORENA REX

Ohio Appeals, 6th Dist, Fulton Co
No 106.   Decided Dec 1, 1930

Davis B. Johnson, Wauseon and John W. Hackett, Toledo, for Joseph Rex.

F. S. & J. M. Ham, Wauseon, for Lorena Rex.

**WILLIAMS, J.**

That the evidence discloses adulterous relations with women on the part of the husband, which justified a divorce, is beyond doubt, unless his acts were condoned. The parties separated December 10, 1929. During the period of separation the husband lived with his father and the wife with hers. The defendant frequently visited his wife, importuning her to return. On January 6, 1930, plaintiff filed her suit for divorce. The next day he went to see her and again importuned her to return, but she refused. Finally he left her, late in the afternoon, saying that in a half hour he would be dead. A short time after, defendant's brother came to the house of plaintiff and told her that her husband was breathing his last and was white and getting cold and wanted to see her and the baby. She immediately went over, taking the child with her. It was said that he had swallowed mercury, which he had purchased at a drug store, and that after doing so had told his mother and she had caused the alarm to be given and a doctor to be called. The doctor arrived and treated him; he did much vomiting. The wife became excited and nervous. Fearing she would be blamed for his death, the wife remained and gave him what comfort she could and about midnight he retired to his room and she accompanied him, putting on a nightgown and a bath robe. The wife testifies that during the night she was required to give her husband medicine every two hours. He seems to have recovered rapidly, for he sought and had sexual relations with his wife during the night, and again in the morning. He took her home shortly before noon the next day and stated that he would come back at eight in the evening. When he came, she was gone. He discovered later that she was in Greenville, Illinois, and he went to that place, but was not successful in having her return to him.

It is fundamental that condonation, to be a defense, must be the voluntary act of the injured party and is not effectual where induced by fraud, force or fear. 19 C. J., 84, Section 193.

Whether or not the acts of the plaintiff were voluntary was for the determination of the trial court. The evidence warranted the trial judge in finding that there was no condonation, by reason of the trick or artifice practiced by the husband upon the wife.

The finding of the trial judge was justified and is not manifestly against the weight of the evidenc. For the reasons given, the judgment will be affirmed.

Lloyd and Richards, JJ, concur.