## WILSON v WILSON

Ohio Appeals, 2nd Dist, Greene Co

No 415. Decided Dec 20, 1935

Marshall & Marshall, Xenia, and Harry D. Smith, Xenia, for plaintiff in error.

C. L. Darlington, Xenia, and Marcus Mc-Callister, Xenia, for defendant in error.

## OPINION

### By THE COURT

This cause is in this court on petition in error from the judgment of the Common Pleas Court of Greene County, Ohio. Cause No. 416 is an attempted appeal from the same judgment. The appeal will be dismissed for the reason that a divorce and alimony action, either or both, is not appealable. We are aware that the statute provided for appeal and that this was a recognized procedure before the constitutional amendment of 1912. Since the amendment of 1912 it has been uniformly held by the courts that neither action for divorce or alimony is appealable.

The parties appeared in the same order as in this court. The petition filed by the husband, Lawrence D. Wilson, prays for divorce on the grounds of extreme cruelty, gross neglect of duty and adultery. The defendant files answer and cross-petition. The answer denied all allegations of misconduct and in the cross-petition charge of extreme cruelty, gross neglect of duty and adultery are made against the plaintiff.

The prayer of the cross-petition was for divorce and alimony. The trial court concluded that both parties were guilty of wrong doing and that therefore neither would be granted a divorce. The defendant, Mrs. Wilson, was awarded alimony in the sum of $20.00 per week.

The record presents 674 typewritten pages of testimony. We have carefully examined this record, together with the pleadings and briefs of counsel. Some parts of the record approach obscenity. Some of the facts brought out in the cross-examination of the defendant are nauseating. The narrative by the wife of her having witnessed acts of adultery between her husband and her bosom friend is unthinkable and unbelievable. We think it would be kinder to conclude that the defendant perjured herself in giving this testimony.

That defendant was guilty of adultery was shown conclusively, if there is such a thing as conclusive proof, independent of admissions. In the instant case the defendant's denials and attempted explanation of the evidence supporting adultery is so unsatisfactory and unreasonable that it adds to the charge.

The particular act of adultery above referred to culminated in an immediate separation and the parties have not lived together since. Plaintiff brought action for divorce immediately. The defendant wife, a woman about forty years of age and having two sons by a former marriage, after taking her husband to the train, supposedly to make a trip to Cleveland, Ohio, returned to the home and then sent an employe after a twenty year old boy by the name of Newcomer. This boy was in the home with her alone until about 2:30 or 3:00 o'clock in the morning, when the husband and others entered the home through a window and then upstairs to defendant's bedroom, where the wife and boy were found in night attire. It is unnecessary to mention the other detailed evidence covering what witnesses saw from the outside nor the details of conversations and conditions found in the bedroom. Suffice to say that it abundantly proves adulterous conduct on the part of defendant.

There was also an abundance of testimony to show that the wife and this boy Newcomer had been associating together for many months previous. Likewise, the record presents conclusive evidence that the wife had an affair with a man by the name of Baer at the Martinsville Sanatorium on one occasion when she was there for treatment.

There can be no question that the evidence presented in the record is sufficient upon which to base plaintiff's prayer for divorce. The trial court in his written decision was of the opinion that the evidence

disclosed wrong doing upon the part of both plaintiff and defendant which, standing alone, would be sufficient to grant a divorce to either. .It was then the conclusion of the trial court that on the ground of public policy a divorce should not be granted to either. Apparently it was the opinion that the use of intoxicating liquor which the plaintiff brought into the home was large'y responsible for the wife's excessive use thereof.

We have carefully examined the record as to the wife's complaint to ascertain whether or not she presents evidence sufficiently corroborated to sustain her prayer for divorce and alimony if considered alone and not in connection with the evidence against her. In determining this question it must be kept in mind that a divorce may not be granted upon the uncorroborated testimony of a party. It therefore follows that in considering evidence it reaches no higher than its corroboration. Defendant presents evidence of extreme cruelty in the nature of physical violence on two or three occasions. There is a marked difference in the testimony of the parties relative to these different episodes. Defendant presents corroborative evidence in some of these instances. However, these two or three instances of physical violence occurred many months, and in some instances, years, before the separation. The evidence is conclusive that whatever the circumstances the parties continued to live together and thereby condonation is shown.

On the ground of habitual drunkenness, we think that the evidence goes no farther than to establish that plaintiff was an habitual drinker, but the evidence falls far short of establishing habitual drunkenness.

On the charge of adultery there was no corroboration and, as heretofore stated, the testimony of defendant is unbelievable.

We find nothing in the evidence supporting the wife's charge of gross neglect of duty that had not been condoned.

In other words, it is our conclusion that under a strict construction of the law the wife would not have been entitled to a divorce even if all the evidence against her was eliminated and only such accepted as has any tendency to show wrong doing on the part of the husband. Of course, in arriving at this conclusion we will have to invoke the legal principle of condonation, but in so doing we are only following a well-recognized principle of law.

We do find some decisions of lower courts in this state holding that the misconduct of the party seeking the divorce need not be such as would be grounds for divorce.

However, in all these cases there is an element present entirely absent in the instant case. For instance, it has been held that where a husband, unlawfully and wilfully, absents himself from the wife, and before the expiration of three years the wife is guilty of adultery, a divorce may be denied the husband where it is sufficiently shown that the dereliction of the husband in the first instance was responsible for the offense of the wife. This rule is founded upon the theory that the husband's desertion is just as offensive during its first year as it is after the expiration of three years. The fact that the statute prescribes three years' wilful absence as a ground for divorce does alter the effect of the original wrong. We have no such situation in the instant case in the light of the proven adulterous conduct of the wife. We would have no difficulty in agreeing with the trial court if the evidence of adultery on the part of the wife was eliminated.

We are unable to conclude that the husband's bringing liquor into the home whereby the wife acquired a habit which she, previous to her marriage, did not have, was in any sense responsible for the adulterous tendencies of the wife. When we consider that she was a mature woman, forty years of age, having borne children, one of whom was almost as old as her paramour, and the further fact that she sought the association of this young man, we think it presents evidence of a depravity traceable to an innate nature.

It is our conclusion that the refusal of the trial court to grant a divorce to the plaintiff was against the manifest weight of the testimony, and by reason thereof we also determine that the court was in error in awarding installment alimony to the wife. We therefore remand the case for a new trial.

Exceptions will be allowed to the defendant.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.