## MARTZ v MARTZ

Ohio Appeals, 2nd Dist, Greene Co

No 431. Decided March 24, 1937

Homer H. Henrie, for plaintiff appellant. Marshall & Marshall, Xenia, for defendant appellee.

## OPINION

By THE COURT:

An appeal is prosecuted from a judgment of the trial court, refusing alimony to the plaintiff.

Plaintiff instituted her action for alimony, charging: (1) that there is a separation in consequence of ill treatment on the part of the husband * * *; (2) gross neglect of duty.

The parties to this action had, prior thereto, been in considerable domestic difficulty, with the result that the plaintiff had sued the defendant for divorce, which was denied and defendant had likewise sued plaintiff, with the same result. Soon after the termination of the last divorce action plaintiff, together with a Mrs. Dean, with whom she had been living, and Mrs. Dean's sister, Mrs. Burnside, in her car drove to the home of defendant. Plaintiff took with her all of her clothes and upon arrival unloaded them from the two bags in which they were contained, took them into the house and placed them in a wardrobe, introduced her friends to her husband, and everything indicates intended to remain and made preparations to stay in the home.

It appears that the husband was surly but prepared to take the hired girl, who had been working for him, and her sister to their home in his automobile and the plaintiff also desired to go along. The defendant demurred to this and locked the doors of his automobile. The friends who had brought plaintiff to her home turned about in the driveway adjacent to the house preparatory to returning to Xenia, from which place they had come. Defendant then came up to their car and it is testified that he said that his wife could not stay there, meaning at his home; that he could not live with her; that she was too mean; that his attorney had advised him not to permit her to stay in the home and if necessary to sell it and leave the place; that he was going to leave and would not return. After a conference with her friends the plaintiff went back to Xenia with them, consulted her attorney, returned to her home, removed her effects and almost immediately thereafter instituted this action.

The only evidence which is germane to the question presented is that which arose at the time of the visits of the plaintiff to her home on September 29, 1936, which we have heretofore stated. It does not tend in the slightest degree to prove gross neglect. There is then left the one question, whether or not the trial court was in error in holding that plaintiff did not establish a separation by reason of ill treatment by the defendant.

We have been favored by the written decision of the trial court. It is suggested in the brief of counsel for plaintiff that the court took the statement of the defendant that he had not told his wife that she could not remain at his home, as against the testimony of the plaintiff and her two friends. As we read the opinion this is not entirely correct. The court concluded that the defendant had not ordered his wife away from his home. This determination could have been made in consonance with the statements of the plaintiff and her witnesses. The court was also of opinion that the plaintiff failed to make requisite effort to effect a reconciliation.

Counsel for plaintiff urges, and we think properly, that the ill-treatment causing separation, which is a ground for an award of alimony, is not synonymous with extreme cruelty, a ground for divorce. **Duhme v Duhme, 3 O. D. Re., 95.** Ill-treatment is bad treatment, the opposite of good treatment. Like the term "extreme cruelty" it has wide variation in meaning. What would constitute ill-treatment toward one of finer sensibilities and nervous temperament might not in the least affect another of more phlegmatic temperament, or who was not easily offended. Under the statute the complainant must have been treated badly and as a result thereof the separation must not only have been caused, but the conduct which caused it should have been such as that the spouse leaving should have have been justified in so doing. Applying this rule to the facts in this case, we can come to no other conclusion than that the evidence requires the finding that the defendant did treat his wife badly when she returned to her home, which justifiably caused her to leave. Obviously, she returned in good faith, with the pur-

pose of renewing the marital relations and doing her part as a wife. Everything that she did indicates it. She came with her friends, in whose presence she was humiliated. Although the husband denies that he stated that she could not remain in his home, that his counsel had advised against his permitting his wife to return to her home, he does not deny that he said that he could not live with her. The testimony of the plaintiff is corroborated in the material parts by Mrs. Dean and Mrs. Burnside, estimable women, who had no reason, insofar as the record discloses, to misstate the facts. Their statements seem logical in view of the actions of the plaintiff.

These parties had been through controversies in court and it was essential that both make every effort to compose their differences. It can be urged with some force that the plaintiff could have remained at her home; that the husband did not specifically order her away and of course he used no physical violence. On the other hand, the plaintiff was not required to stay in the home until she was ordered to leave or until violence was perpetrated upon her and it seems clear that the husband did not want her with him and that if she had remained it would have been most unpleasant for her to do so.

Alimony is provision for support and maintenance. This obligation is upon the husband, whether by order of **Headnote 6.** court or otherwise. If the plaintiff has not maintained her claim for alimony, then she must either make provision for herself, rely upon the bounty of her friends, or be put to the necessity of seeking support on the credit of her husband. This last course might be a very difficult undertaking and if the credit was extended result in another lawsuit against the defendant to collect for necessaries provided the wife.

These parties may not be able to live together. Many things indicate that this is the true situation. However, the husband cannot avoid his obligation to support his wife. The most practical method of determining of what this support should consist would be for the trial court, who is familiar with every phase of the domestic difficulty, to fix an amount in money or property allowance, which the husband should be required to meet.

The judgment will be reversed and cause

remanded for an allowance of alimony to the plaintiff under the statute.

BARNES, PJ., HORNBECK and GEIGER, JJ., concurring.