## ZOLG v DEER PARK (Village) et

Common Pleas Court, Hamilton Co.

No. A-66988. Decided June 10, 1940.

Harry H. Baker, Cincinnati, for plaintiffs.

J. Louis Warm, Cincinnati, for the Village of Deer Park.

Fred W. Murphy, Cincinnati, for defendants, Charles and Theresa E. Stockel.

### OPINION

By MORROW, J.

A demurrer has been filed to the petition in this case, on two grounds, and in behalf of the village defendant.

The first ground is that facts are not stated sufficient in law to constitute a cause of action against the village.

The second ground is that there is a misjoinder of parties defendant.

The petition states that the plaintiffs are owners of real estate on the north side of a certain street in the defendant village, and that the defendant persons own real estate on the other side of the same street almost directly opposite the property owned by

the plaintiffs, and second, that there is a creek and natural water course running along the east side of plaintiffs' property, and the west side of defendant persons' property.

The defendant persons referred to are the individuals, Charles and Theresa E. Stockel.

It is also alleged that the village has placed two tile pipes across and under the street. where the water would in the natural course of events cross the street, and the defendants, Charles and Theresa E. Stockel, knowingly and wilfully stopped up one tile pipe and reduced the other to one-third of its size at the opening, thereby causing natural drainage and the flow of water to back up on property of plaintiffs.

1

As far as the first ground of demurrer is concerned, we are confronted with the sweeping provisions of §3714 GC, which place upon the village council the care, supervision and control of aqueducts within the corporation, and the village must cause them to be "kept open, in repair and free from nuisance". The sewers, or the fill pipes come in the category of aqueducts, as defined by Webster's International Dictionary;—"conductor, conduit or artificial channel for conveying water, especially one for carrying a large quantity of water which flows by gravitation".

The statute above quoted places upon the municipality, through council, the duty to cause aqueducts to be kept open. Certainly, under the street and between the property lines, these aqueducts are under the control and supervision of the village, and whether they are stopped exactly at the property line or not, it might be argued that the duty of the village still remains to keep them open and in repair. It would be a narrow construction indeed which would make the duties of the village stop at the abutting owner's property line.

However, the matter is not free from doubt, and we prefer to rest our opinion in this case on the second ground of the demurrer, namely, that of misjoinder of parties defendant.

The rule as to misjoinder is stated in the case of **City v Brister, 76 Oh St 270**, where Cooley on Torts is cited as follows:

"All who actively participate in any manner in the commission of a tort, or who command, direct, advise, encourage, aid or abet its commission, are jointly and severally liable therefore."

And again:

"In respect to negligent injuries, there is considerable difference of opinion as to what constitutes joint liability. No comprehensive rule can be formulated which harmonizes all the authorities. The authorities are, perhaps, not agreed beyond this, that where two or more owe to another a common duty and by a common neglect of that duty such other person is injured, then there is a joint tort with joint and several liability."

It can not be said in this case, certainly, that the three defendants here owe a common duty and the damage is due to a common neglect of that duty.

It is urged, in effect, in the petition that the two persons defendant have done an active tortious thing, whereby a nuisance is created, and it is only urged as to the village that it has failed to move, although promising so to do (pursuant to the mandate of §3714) to keep open and in repair what has been closed and put into disrepair by the persons defendant. As is said also in the same Ohio State case of City v Brister, at page 293:

"The case is not to be confounded with actions of trespass brought for separate acts done by two or more defendants. There, if there has been no concert, no common intent, there is no joint liability. * * * The rule often recognized is, that when an injury has resulted from the concurrent negligence of several persons, they are jointly responsible."

The words above quoted are from the case of Klauder v McGrath, 35 Pa. St. 128.

Here it is sought to join as joint tort feasors two persons defendant, on the one hand, who are alleged by an active tortious act, to have established a nuisance, and on the other hand, with them is joined a village which has a statutory duty to repair and keep open, an aqueduct and is charged with a failure to perform such statutory duty after a promise so to do. The defendant persons' error of commission and the village's error of omission can not be considered to constitute them joint tort feasors, and there is therefore, in my opinion, a misjoinder of parties defendant. It is not alleged in the petition that the persons' acts and the village's failure to act are part and parcel of a conspiracy to injure the plaintiffs. The village's failure to act, after the tortious act of the individual defendants, is not concurrent negligence, as this very statement indicates.

The demurrer is sustained.