### WELLER v WELLER

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 1707. Decided Jan. 2, 1942.

Legler & Murray, Dayton, for plaintiff-appellee.

George H. Donson, Dayton; Scharrer, Scharrer & Hanaghan, Dayton, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the judgment of the Court of Common Pleas, Division of Domestic Relations, Montgomery County, Ohio.

The action was one for divorce, custody of minor child and alimony. The issues were joined and thereafter the case proceeded to trial, with both sides submitting their evidence.

The trial court found for plaintiff, granting divorce to her, custody of minor child, support money for the child and alimony in a small amount.

Defendant gave notice of appeal on questions of law and fact, but at the time of the oral hearing it was agreed that the cause was submitted as an error proceeding.

Counsel for appellant in his brief sets out under assignments of errors, six separately stated specifications.

These may properly be summarized under two headings:

1. Claimed error in the admission of testimony;

2. That the finding and judgment were against the manifest weight of the evidence and contrary to law.

The claimed error relative to presentation of evidence relating to testimony presented by plaintiff regarding the question of extreme cruelty covered many years previous to the final separation. It is the claim of defendant that objection to this testimony should have been sustained on the ground that the parties continuing to live together would constitute a condonation.

The principle of law is well recognized that an action for divorce and. alimony may not be predicated upon any acts. which between the parties have been forgiven and the marital relation continued. The principle of condonation is not as broad as claimed by counsel for appellant. Where the evidence presented tends to show offensive conduct supporting a ground. for divorce, which arose at the time of or after the separation, it is permissible to introduce evidence of like conduct covering previous periods of years, even while the parties were living together.

This evidence is corroborative of the evidence which is actionable. Renewed misconduct not amounting to ground for divorce is sufficient to reopen the former acts. See Note under 14 A. L. R., 942.

It frequently happens that the particular conduct upon which the action may be properly based, standing alone and isolated from all other evidence, would be considered by a trial court as trivial. But where the evidence shows that this particular conduct was in line with what had occurred before, there is then presented a different situation. In other words, the continuous line of improper conduct may finally bring the parties to the breaking point. We-

have had this question before us at former terms of court.

**Wilms v Wilms, 22 Abs 128;**

**Winnard v Winnard, 62 Oh Ap 351.**

In the Winnard case we held that the defense of condona- tion is an affirmative one and we still hold to that opinion.

We find no error under the claim of improper admission of evidence.

The next question requires a very thorough and full examination of the bill of exceptions in connection with the briefs. We have read the record in its entirety. There is a marked conflict as to which of the parties was the principal aggressor. The record does clearly establish that the entire married life of this couple was one of turmoil. Six children were born to them, five of whom are past the age of majority. The youngest child is a minor, sixteen years of age. Each of the children takes the side of the mother, and each and all manifest a very bitter feeling against the father. Much evidence is presented on behalf of the defendant-appellant, which, if believed, would strongly support the contention that he was offended against rather than being guilty of offensive conduct. However, there is evidence on the other side which tends to establish that the defendant was the principal offender. We would have no difficulty in determining that neither should be given, figuratively, a clean bill of health. We are free to confess that had either of us been in the place of the trial court we would have found it very difficult to arrive at a satisfactory factual determination. We suspect that the trial court was confronted with this same dilemma.

The record presents evidence that the case was tried with great care and both sides given the fullest opportunity to present their respective contentions. As a reviewing court, we have no authority to disturb the fac- tual findings of the trial court, unless the court's determination was so manifestly against the weight of the evidence as to shock our conscience if permitted to stand.

In considering this question, a reviewing court must always take into consideration that the trial court had the advantage of seeing and hearing the witnesses, while we review the evidence upon the cold type alone. We are unable to say that manifest error affirmatively appears, and therefore the judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law. Costs in this court will be adjudged against the appellant.

GEIGER, PJ. & HORNBECK, J., concur.