**HEPNER, Plaintiff-Appellee v HEPNER, Defendant-Appellant**

Ohio Appeals, Second District, Montgomery County.

No. 1754. Decided February 8, 1943.

610

Ellif, Miller & Patterson, Dayton, for plaintiff-appellee.

I. C. Delscamp, Dayton, and Otterbein Creager, Dayton, for defendant-appellant.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on plaintiff-appellee's motion on three separate grounds. The first part of the motion requests the court to require defendant-appellant to amend the form of his appeal.

We have examined the original appeal and to us it seems regular·in all particulars. It is properly designated an appeal on questions of law and is directed to the final judgment. This part of the motion is overruled.

. Second, an alternative request is made that if the first part of the motion be not sustained, that the same be dismissed for failure to give bond. This part of the motion must also be dismissed for the reason that under appeals on question of law there is no jurisdictional requirement that bond be given. It is quite true that an appeal on question of law does not suspend the judgment unless a supersedeas bond is given. It is not unusual for appellants to proceed without withing a supersedeas bond. Under such situation the appellee may proceed under his judgment until such time as a supersedeas bond is given.

The third part of the motion asks the court to ignore all reference made in the brief of defendant-appellant to a motion filed in the Court of Common Pleas for the reason that the same is not properly before this court.

If such be the fact, counsel may present this question in their briefs and if it appears well founded and appellant has protected his record. we will not consider it.

Counsel has not favored us with any memoranda in support of his motion. This should be done in all instances.

The motion will be overruled. Exceptions will be allowed to the plaintiff-appellee.

GEIGER, P. J., BARNES and HORNBECK, JJ., concur.