## MEARS, Plaintiff v. MEARS, Defendant

### Common Pleas Court, Tuscarawas County

#### No. 26985.   Decided February 19, 1945

Arthur B. Cunningham, New Philadelphia, for plaintiff.
Bowers, Stafford and Bowers, New Philadelphia, for defendant.

### OPINION

By LAMNECK, J.

The plaintiff in this action filed an amended petition for divorce from the defendant on the ground of gross neglect of duty and cruelty (not extreme) on September 20, 1944, bas-

ed principally on alleged relations of the defendant with a young girl fifteen years younger than himself.

The parties first separated in May, 1944 and lived separate and apart until November 29, 1944 when they resumed marital relations for a period of three or four weeks. They again separated during the latter part of December, 1944, and the defendant has absented himself from the home of the parties since that time.

It appears from the undisputed evidence that the defendant for some time prior and subsequent to the filing of the amended petition committed acts which constitute gross neglect of duty; that those acts continued until November 29, 1944 when the parties resumed marital relations on the defendant's promise not to repeat his acts of aggression; and that these acts were repeated after the final separation during the latter part of December, 1944.

An important question is presented in this case, viz.; was there a condonation of the matrimonial offenses of the plaintiff by the defendant, and if so, does such condonation during the pendency of the suit destroy the cause of action and abate the case?

Counsel for the plaintiff contends that condonation is an affirmative defense and must be pleaded, and since the defendant in this case did not file an answer to the suit, the acts of condonation of the plaintiff must be disregarded. It is true that the defense of condonation is an affirmative one which must be specially pleaded. (**Winnard v. Winnard, 62 Oh Ap. 351,** 23 N E. (2d) 977, **16 O. O. 51.**) This means that the defendant is barred from making a defense to an action on that ground if he has not pleaded condonation in his answer, but it has no application to the evidence offered by the plaintiff. The burden of proof in a divorce action is on the plaintiff to establish the right to a divorce on one or more of the grounds stated in the petition, and where the evidence offered by the plaintiff shows that the acts complained of have been clearly condoned, no cause of action exists and the burden of proof has not been sustained. (**Schiff v. Schiff, 36 Abs. 626, 45 N. E.** (2d) 132.)

Counsel for the plaintiff also contends that the condonation of the plaintiff was not voluntary and was induced by fraud. Condonation is not effectual where produced by fraud, force or fear. (**Rex v. Rex, 30 Oh Ap 295, 177 N. E. 527.**) However, in this case the resumption of marital relations was at the instance of the plaintiff with full knowledge of the defendant's aggressions. If marital relations had been resumed at the instance of the defendant, then the plaintiff might have availed herself of alleged fraud if such had existed.

Condonation is a voluntary forgiveness of a matrimonial offense by the aggrieved spouse. In order to constitute condonation, there must be knowledge of the offense, freedom of consent, and resumption of or continuation of marital relations. (27 C. J. S. 612, Sec. 60.)

Condonation wipes out any prior matrimonial offense as effectively as though it had never existed and restores the parties to their original marital relationships.

Cohabitation during the pendency of a divorce suit condones prior offenses. (Fullhart v. Fullhart, 109 Mo. 705, 83 S. W. 541.)

Nearly all courts are in agreement that repetition of condoned acts after failure of a divorce suit affords grounds for a new suit (Weller v. Weller, 35 Abs. 631, 42 N. E. (2d) 458), and revives the original acts as causes for divorce, (27 C. J. S. 616, Sec. 62).

It has also been held that if a suit for divorce be commenced by one spouse against the other, and during its pendency the parties reunite and resume cohabitation and marital relations, the pending cause for divorce is destroyed through condonation of the offense pleaded therein and cannot any longer be pending bona-fide. · (Byrne v. Byrne, 114 Atl. 754, 93 N. J. Eq. 5.)

Likewise a wife's voluntary meeting with her husband in his automobile, where they had an affaire d'amour after her suit for divorce had been filed, was a condonation of all offenses on the husband's part of which she had knowledge, and wife's suit would be dismissed for having become abated by reconciliation of the parties. (Collins v. Collins, 193 So. 702, 194 Ia. 446.)

In another case the court held that subsequent allegations of neglect, mistreatment and humiliation cannot affect an original prayer for separation based solely on alleged abandonment, or prevent dismissal of a suit where reconciliation occurs before trial. (Spring v. Mendoza, 131 So. 299, 171 La. 461.)

In a Georgia case it was held that a wife's resumption of marital relations on husband's promise to reform barred the right to continue a pending action, but husband's violation of his promise to reform revived a pending action, and the acts prior to the condonation could be proved in a pending suit. (Harn v. Harn, 117 SE 383, 155 Ga. 502.)

Where condonation is conditional, and where during the pendency of proceedings for divorce the conditions of condonation have been broken by renewed acts of aggression,

the courts in other states generally held that the action does not abate and the plaintiff can proceed to prosecute a pending suit (27 CJS Page 617, sec. 62b.) Thus in an Oregon case it was held that the conditional resumption of marital relations between parties to wife's divorce suit on husabnd's promise of future good conduct did not defeat court's jurisdiction to hear and determine suit, which was not dismissed, where such promise was not kept. (Payne v. Payne, 72 Pac. (2d) 537, 157 Ore. 428 )

This Court agrees with this pronouncement of the courts of other states, but before the plaintiff can revive a pending suit on this ground, the fact of conditional condonation since the filing of the petition, the repetition of the aggressions after conditional condonation and subsequent cessation of marital relations should be pleaded so as to put the defendant on notice. This may be done by leave of court by the filing of a supplement petition under §11368 GC, which reads as follows:—

"On such terms as to costs as the court, or a judge thereof, prescribes, either party may be allowed to file a supplemental petition, answer or reply, alleging facts material to the case which occurred since the filing of the former petition, answer or reply. Reasonable notice of the application therefor must be given, when the court or judge so requires."

The plaintiff having filed a supplemental petition containing necessary allegations with leave of court, and the court finding, subsequent thereto, that the plaintiff's condonation was conditional and that the allegations of the petition and supplemental petition have been established by proper evidence, a decree of divorce will be granted the plaintiff on the ground of gross neglect of duty.