**HUFFINE, Plaintiff, v HUFFINE, Defendant.**

Common Pleas Court of Van Wert County.

No. 19466.   Decided April 30, 1947.

Sumner J. Walters, Van Wert, for plaintiff.
B. F. Roller, for defendant.

## OPINION

By McNEILL, J.:

On January 14, 1947, plaintiff filed his petition for divorce against defendant and alleged that she continually had improper associations with other men, that she neglected both plaintiff and their children, and that she had used vile and

abusive language toward plaintiff and their children. To this, defendant filed a general denial and cross petition. Upon hearing for temporary alimony and temporary custody of the minor children, their custody was reposed in the plaintiff. Prior to trial, defendant asked leave to withdraw her answer and cross petition and file an amended answer. Leave was granted and defendant filed an answer setting up the defense of condonation.

Plaintiff has satisfactorily proved the allegations of his petition. These acts have not been denied by defendant, but defendant has testified that on several occasions since the filing of this suit, and continuing almost until the day of this trial, that plaintiff has maintained marital relations with her. Plaintiff has denied these acts, but has admitted that since the petition has been filed that he and defendant have lived under the same roof with no one present but their minor children, claiming, however, that they have occupied separate bedrooms and that he has not resumed marital relations with the defendant since the time of filing of this suit.

Neither party has been a satisfactory witness, both having been very belligerent. The plaintiff particularly has been inclined to "hedge" whenever possible and has tried to shade every bit of testimony to his advantage if at all possible. There is no doubt in the Court's mind that one of the parties to this action has committed perjury as there can be no reconcilliation of their testamony in regard to the resumption of marital relations. However, from the testimony presented to the Court, it is impossible for this Court to determine which of the parties is telling the truth.

As plaintiff's allegations have been proved, the sole issue is that of condonation.

The Court is able to find but nineteen reported cases in Ohio upon the subject of condonation. To aid in reaching a decision in this cause, it is felt that a brief review of these cases is imperative. These decisions are pertinent, whether directly in point or not, as they do set out our general doctrine of condonation, and many points in their decisions, although not particularly applicable in this case, have influenced the decision of this Court.

Although not recognized by statute, condonation as a defense to divorce actions has long been recognized in this state. Mansfield v Mansfield, Wright 284; McDwire v McDwire, Wright 354; Barnes v Barnes, Wright 475; Questel v Questel, Wright 491; **Miller v Miller, 4 Abs 108; 19 Oh Ap 518; Wilms v Wilms, 22 Abs 128; Wilson v Wilson, 21 Abs 131.** How—

ever, for condonation to operate, it has been held that the cohabitation or resumption of marital relations must be with full knowledge of all the acts by the wrongdoer, **Rousey v Rousey, 7 Abs 467,** and that the cohabitation must be voluntary and not induced by fear, intimidation, or secured by trick or artifice. **Rex v Rex, 9 Abs 338; 39 Oh Ap 295;** 177 N. E. 527.

The forgiveness, however, is a conditional forgiveness and is conditioned upon the implied promise of the aggressor that he will not repeat any of the acts of aggression and, if such acts are repeated, the injured party may allege and set forth all acts prior to the condonation in addition to the acts subsequent. Shock v Shock, Dayton 331; **Kleinhenz v Kleinhenz, 22 Abs 658.** It has been held that there must be some corroboration of the subsequent act, Henry v Henry, 11 O Dec. Rep. 781; 29 W. Law Bul. 115, but the prior acts are supporting testimony to the subsequent acts, Kleinhenz v Kleinhenz, supra, and it is not necessary that such a subsequent act be of such a nature as would support a divorce action of itself. If such an act shows a breach of the conditional forgiveness, then all acts complained of, whether previously condoned or not, may be alleged. **Weller v Weller, 35 Abs 631; 42 N. E. 458; Smith v Smith, 15 Abs 536.**

If the condonation takes place during the pendency of the suit the cause of action abates but may be revived in the same action where subsequent acts of aggression have taken place by the filing of a supplemental petition. **Mears v Mears, 42 Abs 346; 30 OO 177;** 15 O Su 61.

When condonation is a defense, it is an affirmative defense and must be specifically alleged. **Shiff v Shiff, 36 Abs 626; 45** N. E. (2d) 132; **Hepner v Hepner, 39 Abs 449; 38 Abs 609; 51** N. E. (2d) 44; **Gugle v Gugle, 40 Abs 230; 57** N. E. (2d) 156; **Winnard v Winnard, 62 Oh Ap 351; 16 OO 51;** 23 N. E. (2d) 977; Weller v Weller, supra.

The Court has set out at some length the holdings of the reported Ohio decisions so that the limited law applicable to this case may be examined and applied wherever possible. If there is condonation in this case it must arise solely from the resumption of marital intercourse, as there has been no general forgiveness. If marital intercourse has been resumed, it has been voluntary and has been with full knowledge of the defendant's aggressions.

However, to arrive at a decision in this case it is necessary to decide two issues that have never been decided in any reported case in Ohio that this Court has been able to discover. These questions are:

First: Where plaintiff has full knowledge of defendant's aggressions and voluntarily commits an act of marital intercourse with defendant, does this act of intercourse in itself constitute condonation?

Second: Where a husband and wife remain under the same roof and the defendant testifies as to resumption of marital relations, this fact being denied by the plaintiff, what corroborative proof is necessary on the part of the defendant?

The courts of Ohio have not in a case in point decided whether a single act of marital intercourse acts as condonation. The decisions of sister states are in conflict. Some jurisdictions, and these seemingly being the majority, hold that a single resumption of marital relations, where the same is voluntary and with full knowledge of the acts of the aggressor, is condonation. Wolverton v Wolverton, 163 Ind. 26; 71 N. E. 123; Shackelton v Shackelton, 48 N. J. Eq. 364; 21 Atl. 935; Collins v Collins, 194 La. 446; 193 So. 702; Phinizy v Phinizy, 154 Ga. 199; 114 S. E. 185; La Flamme v La Flamme, 210 Mass. 156; 96 N. E. 62; Harper v Harper, 29 Mo. 301; Perkins v Perkins, 6 Mass. 69; Toulson v Toulson, 93 Md. 754; 50 Atl. 401; Tilton v Tilton, 16 Ky. L. R. 538; 29 S. W. 290; Phillips v Phillips, 102 Ark. 69; 144 S. W. 914; Shirey v Shirey, 87 Ark. 175; 112 S. W. 369; Buck v Buck, 205 Ark. 918; 171 S. W. (2d) 939; Lee v Lee, 51 Ill. App. 565; Carlson v Carlson, 308 Ill. App. 675; 32 N. E. (2d) 365; Masilotti v Masilotti, 150 Fla. 86; 7 So. (2d) 132; Harnett v Harnett, 55 Ia. 215; 7 N. W. 394.

However, other cases have held that resumption of marital intercourse in itself does not constitute condonation. Rushmore v Rushmore, 12 N. J. Misc. 575; 174 Atl. 469; Hawkins v Hawkins, 104 Cal. App. 608; 286 Pac. 747; Doe v Doe, 52 Hun 405; 5 N. Y. Supp. 514; Morton v Morton, 117 Cal. 443; 49 Pac. 557. Other states have made a distinction between cases of adultery and cruelty. Phillips v Phillips, 146 Fla. 311; 1 So. (2d) 186; Arndt v Arndt, 146 Ore. 347; 30 Pac. (2d) 1; Meyer v Meyer, 226 Ky. 278; 10 S. W. (2d) 844.

Further conflict between the decisions of the various states is set forth in 17 Am. Jur. Divorce Sec. 208 et sequa; 8 Words and Phrases, p. 495 et sequa; 9 R. C. L., p. 382 et sequa, 27 C. J. S., Divorce Sec. 61 et sequa.

Although there is no decision in point in Ohio, there is some dicta in relation to this question. In Mears v Mears, supra, the court cited with approval Collins v Collins, supra, holding that a single voluntary resumption of marital relations constitutes condonation. In Winnard v Winnard, supra, the court held that as condonation had not been set forth as

an affirmative defense that it could not be considered, but by dicta implied that if it had been set forth that it would have been satisfactorily proved by the evidence, the evidence indicating that the plaintiff had visited defendant on one or more occasions in the hotel room and stayed over night with him.

Not only have the courts of Ohio seemed to follow the view that a single resumption of marital intercourse shall constitute condonation, but this Court feels that such a decision is proper. During recent years, because of a liberalization of our general beliefs it has become easier for the parties to obtain a divorce. Purely as a moral proposition, this Court does not feel that parties should be allowed to maintain sexual relations and at the same time seek a divorce as the two acts are completely incompatible. The Court feels that a single voluntary act of marital intercourse, where the injured party is in full knowledge of the other party's aggressions, shall act as a condonation of all aggressions up to that time. This can work no hardship upon the parties as the decisions of Ohio have clearly held that such an act must be voluntary and with full knowledge and that the forgiveness is conditional. This latter rule protects a party that might resume relations following acts of cruelty or habitual drunkenness, for if there is a breach of the implied condition, even though the act constituting the breach is not enough to constitute a grounds for divorce, not only that act but all previous acts of aggression may be alleged and proved. Thus a holding that a single resumption of relations under the above conditions is condonation will not result in inequities.

In this case the Court feels that the plaintiff has had full knowledge of defendant's aggressions and if marital relations were resumed that the same have been voluntary. Consequently, if it be determined that defendant's allegation of condonation is supported by sufficient evidence, then the acts of marital intercourse have acted as condonation.

The second question is even more difficult. The courts of Ohio have not ruled upon the amount of evidence necessary to sustain the defense of condonation, nor have they decided whether any presumptions are to be raised from a showing that a husband and wife continued to reside together.

The cases outside of Ohio are not too helpful as again the decisions of sister states are in conflict. In the following cases, the courts have held that where one party claimed resumption of marital relations and the other party denied it, that such resumption should be presumed or inferred from the

fact that the parties continued to occupy the same room or the same house. Burns v Burns, 60 Ind. 259 (dwelling in the same house); Phinizy v Phinizy, supra, (slept in same room but husband claimed occupied separate beds); Toulson v Toulson, supra; Rogers v Rogers, 67 N. J. Eq. 534; 58 Atl. 822; (occupying same bed but allegation of husband that because of illness he was unable to have intercourse); Todd v Todd, 37 Atl. 766 (N. J.) (admitted occupying same room but husband claims he slept on the floor); Karger v Karger, 26 N. Y. Civ. Proc. R. 161; 19 N. Y. Misc. Rep. 236; 44 N. Y. Supp. 219; (lived in same house and occupied separate bedrooms); Marsh v Marsh, 13 N. J. Eq. 281; 82 Am. Dec. 251.

On similar sets of facts, the contra has been held. Graham v Graham, 50 N. J. Eq. 701; 25 Atl. 358; Hann v Hann, 58 N. J. Eq. 211; 42 Atl. 564; Rushmore v Rushmore, supra.

The same conflict of opinion is further set forth in 8 Words and Phrases, p. 494 et sequa; 9 R. C. L., p. 382 et sequa; 17 Am. Jur. Divorce Sec. 366; 27 C. J. S. Divorce Sec. 61 et sequa.

Defendant's claim of resumption of marital relations is corroborated only to the extent that plaintiff and other witnesses agreed that during the pendency of this suit that plaintiff and defendant did live under the same roof. It has been held that testimony is supporting if it tends in the slightest degree to substantiate the direct testimony, but whether or not it is adequate is another question. Kleinhenz v Kleinhenz, supra. In this case defendant's testimony is supported to that extent and the remaining question is whether that is sufficient corroboration.

The Court feels that as a matter of public policy that a plaintiff who occupies the same house as defendant in a divorce case should do so at his own risk. The law protects a plaintiff in many ways in a divorce action; it provides means whereby he or she is not forced to reside with the defendant. If the plaintiff is a woman without funds she is able to secure temporary alimony to temporarily maintain herself. **Sec. 11994 GC.** The history of this act indicates that the principal reason for its adoption was to enable a plaintiff without funds with just cause to leave a defendant and still be able to maintain herself. Further, our courts have held that upon proper grounds, the plaintiff may enjoin the defendant from occupying the same house or interfering with his occupancy of it. In Re: **Cattell v Cattell, 32 OO 43; 146 Oh St 112;** 64 N. E. (2d) 680. The laws of Ohio do offer adequate opportunities for a plaintiff either to leave a defendant or to force him to leave the domicile.

Whether or not a wife and husband resume marital relations is something that can only be proved, except upon rare occasions, by the testimony of the parties where the parties have continual access to each other. At common law it was early recognized that situations that would induce fraud or perjury should be prevented and the Statute of Frauds and Perjuries were enacted and have been codified in the laws of Ohio. It is felt that the spirit of this act should prevail here and if it is within the power of one party to greatly reduce the opportunity for perjury, he should do so, and if he so fails he should not be allowed to complain.

The filing of a petition for divorce against a defendant and at the same time continuing to reside under the same roof with the defendant are inconsistent acts and should not be encouraged.

For the foregoing reasons, this Court feels that although there should be no presumption that the plaintiff and defendant living under the same roof during the pendency of a divorce action have continued relations, nevertheless, where the defendant claims condonation by the resumption of marital intercourse and the condonation is set out in her answer, her testimony is sufficiently corroborated by the fact that the parties have resided in the same house. The Court feels that where a plaintiff continues to reside in the same house with the defendant in a divorce action, knowing all of her aggressions, that he continues to do so at his peril and if the defendant pleads condonation and testifies as to a voluntary resumption of marital relations, her testimony will be sufficiently corroborated by the fact that they are living together, whether or not plaintiff denies such acts.

The Court realizes that in this particular case that this may work a hardship upon this plaintiff as there has been no previously announced law of Ohio for him to follow or by which counsel may guide him. However, as a matter of policy, it is felt that any other decision should not be reached. Of course, if defendant should renew any of her acts of aggression, the implied terms of this conditional forgiveness will have been breached and plaintiff may then show that act of aggression and all the former acts set forth in this case in a future action.

The Court feeling as it does, it is therefore held that condonation has been proved and that plaintiff's claim for a divorce is denied.