MAUGHAN, PLAINTIFF, *v.* MAUGHAN ET, DEFENDANTS.

Common Pleas Court, Tuscarawas County.

No. 35400.   Decided October 16, 1961.

284

*Messrs. Reed & Reed,* for plaintiff.
*Mr. Mario D. Corsi,* for defendant.

LAMNECK, J.  The plaintiff in this action seeks a divorce from the defendant on the grounds of gross neglect of duty and extreme cruelty.

The defendant filed an answer to the plaintiff's petition in which she denied that she had committed any aggressions on her part respecting her marital duties, and cross-petitioned for temporary and permanent alimony, custody and support of the minor children of the parties and other equitable relief, on the grounds of gross neglect of duty, and separation in consequence of ill treatment on the part of the plaintiff.

The petition was filed on June 8, 1961, and the answer and cross-petition on August 3, 1961.

During the course of the trial, it was conclusively shown by the evidence offered by both parties that the parties after eating dinner together at a restaurant on or about July 1, 1961, voluntarily motored to a motel in another county, where they occupied the same bed overnight and engaged in sexual relations.

By reason of the undisputed evidence, the defendant at the close of the plaintiff's case moved that the petition be dismissed because the defendant's alleged offenses had been condoned.  The plaintiff also moved that the defendant's cross-petition for permanent alimony be dismissed on the ground of condonation.

Condonation is the voluntary forgiveness, either express or

implied, by an aggrdieved spouse of a breach in marital duty by a married person, with an implied condition that the offense shall not be repeated.

In *Winnard* v. *Winnard*, 62 Ohio App., 351, 23 N. E. (2d), 977, the court held that condonation is an affirmative defense which must be specifically pleaded. Neither party made condonation an issue in their respective pleadings.

Condonation as a defense need not be pleaded in an answer to a petition for a divorce if it is shown conclusively in the plaintiff's case that the plaintiff has condoned the alleged aggressions of the defendant. The burden of proof in a divorce action is on the plaintiff to establish his right to a divorce on one or more of the grounds stated in the petition, and where the evidence offered by the plaintiff shows that the acts complained of have been clearly condoned, no cause of action exists, and the burden of proof has not been sustained. (*Mears* v. *Mears*, 42 Ohio Law Abs., 346, 3 Ohio Opinions, 177, 15 Ohio Sup., 61; *Schiff* v. *Schiff*, 36 Ohio Law Abs., 626, 45 N. E. (2d), 132.

In a divorce proceeding where it is shown that the plaintiff, with full knowledge of the defendant's alleged aggressions, voluntarily engages in an act of marital intercourse with the defendant, such act constitutes condonation. (*Huffine* v. *Huffine*, 48 Ohio Law Abs., 430; *Rex* v. *Rex*, 39 Ohio App., 295, 177 N. E., 527.)

In the instant case, the plaintiff left the matrimonial domicile in November of 1960, because of the alleged gross neglect of duty and extreme cruelty of the defendant, based primarily on alleged poor housekeeping, nagging, extravagance, and discord. He has been living apart from the defendant ever since but he has been voluntarily supporting the defendant and their minor children in an adequate manner.

In *Collins* v. *Collins*, 194 La., 446, 193 S., 702, it was held that a wife's voluntary meeting with her husband in his automobile, where they had an affaire d'amour after her suit for divorce had been filed, was a condonation of all offenses on the husband's part of which she had knowledge, and abated the action.

The weight of authority in other states supports this view. These cases being analogous to the situation in the instant case, the court holds that the alleged aggressions of the defendant

were condoned by the plaintiff and destroyed his causes of action.

What effect do these facts and circumstances have on the wife's cross-petition for alimony? The wife admitted in her evidence that she voluntarily engaged in the act of marital intercourse as previously stated herein. Does this act on her part constitute condonation so as to abate her action for alimony?

Alimony is an allowance for the sustenance of the wife based upon considerations of equity and public policy growing out of the marriage relation, which a husband may be compelled to pay when she is living apart from him without her fault, or has been divorced. (*Fickel* v. *Granger*, 83 Ohio St., 101, 93 N. E., 527; *Lape* v. *Lape*, 99 Ohio St., 143, 124 N. E., 51; *Durham* v. *Durham*, 104 Ohio St., 7, 135 N. E., 280; *Smith* v. *Smith*, 86 Ohio App., 479, 92 N. E. (2d), 418; *Hunt* v. *Hunt*, 169 Ohio St., 276, 159 N. E. (2d), 430.

It appears that under certain circumstances condonation may be set up as a defense to an alimony action by a wife against the husband.

In Keezer on Marriage and Divorce (3 Ed.), 609, Section 565, it is stated:

"Alimony cannot be decreed unless the parties are actually separated. If they are living together, there is no need for alimony. The reason is that if the wife is living with her husband she can if necessary pledge his credit for her support. Furthermore the continuation to live under the same roof *raises a presumption that the offense complained of has been condoned.*" See also *Smith* y. *Smith*, 86 Ohio App., 479, 92 N. E. (2d), 418.

In a suit for alimony under Section 3105.17, Revised Code, on the ground of "a separation in consequence of ill-treatment by the adverse party," the ill-treatment complained of must be such as to not only cause the complainant to separate from the other spouse but also such as to justify the complainant in so doing. See *Martz* v. *Martz*, 24 Ohio Law Abs., 513.

In the instant case, the husband left the matrimonial domicle. The wife continued to live in the family homestead. The separation was not initiated by her, but by the voluntary act of the husband. Consequently a suit for alimony alone cannot

be maintained on the ground of "a separation in consequence of ill-treatment by the adverse party" under such circumstances.

If the issue of condonation had not been raised in this case, the court would conclude from all of the evidence presented that the husband after making a prima facie case, did not substantiate his grounds for a divorce by a preponderance of the evidence. On the contrary the wife did present considerable evidence on her cross-petition to support her claim for alimony on the ground of "gross neglect of duty."

In 6 A. L. R., page 67, it is stated as a rule of law that condonation is a defense to a wife's action for separate maintenance. A number of cases are cited therein to support this proposition.

In 10 A. L. R. (2d) at page 526, the rule is stated thus:—

"It is established that the wife's condonation of the husband's conduct, or her reconciliation with him after such conduct, is a defense to her action for separate maintenance."

In *Williams* v. *Williams*, 188 Va., 543, 50 S. E. (2d), 277, it was held that a wife was without right to maintain a suit for separate maintenance, where she condoned the misconduct of her husband by living with him and occupying the same bed with him for several days after his alleged misconduct with another woman, which acts on his part were alleged as the reason for leaving him.

A decree denying separate maintenance was affirmed in *Rushmore* v. *Rushmore*, 114 N. J. Eq., 151, 168 Atl., 614, where the wife had sexual intercourse with her husband after they had separated.

In accordance with these citations, the court finds that the husband's alleged aggressions prior to July 1, 1961, and after his suit for divorce was filed, were condoned by the wife by her voluntary engagement in an act of marital intercourse with her husband outside of the matrimonial domicile on that date.

In the instant case the wife filed her cross-petition on August 3, 1961, which was after the act of condonation took place. Condonation is accompanied by the express or implied condition that the injury will not be repeated. A repetition of the injury takes away the condonation and operates as a revival

of former acts. See 10 A. L. R. (2d), 527, and cases cited therein. Whether the husband's alleged misconduct continued after July 1, 1961, is not clear from the evidence. It is not necessary for the court to rule on this point, however, for the reason that the husband has been maintaining his wife and dependent children in an adequate manner ever since the separation.

The fact that a husband is making his wife a suitable and regular allowance is a defense to her suit for separate maintenance. See 10 A. L. R. (2d), 519.

The evidence shows that she is living in the family homestead; that the husband is paying the wife a cash allowance of $50.00 a week and in addition is paying the dairy and utility bills.

In *Riker* v. *Riker*, 110 N. J. Eq., 46, 158 Atl., 470, separate maintenance was denied a wife for the reason that the husband had been contributing to the support of his wife from the time of separation, in a sum which was reasonable under the circumstances of the parties.

To the same effect is *Dinnebeil* v. *Dinnebeil*, 109 N. J. Eq., 594, 158 Atl., 475; *Lathrop* v. *Lathrop*, 78 Cohn, 650, 63 Atl., 514; *Bingham* v. *Bingham*, 325 Mo., 596, 29 S. W. (2d), 99.

For the foregoing reasons, the petition and the cross-petition are dismissed.