## SCHAEFFER v SCHAEFFER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1515. Decided March 7, 1939

Kelly, Knee & Wick, Dayton, for plaintiff-appellant.

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this Court upon appeal on questions of law from a judgment rendered by the Court of Common Pleas, Division of Domestic Relations of this county.

A petition was filed by the plaintiff-appellant, Marie Schaeffer, against her husband, Jesse L. Schaeffer, alleging that he was guilty of gross neglect of duty in that he failed to properly provide for the support of the plaintiff. Further allegations were made as the basis of issuing a restraining order. Plaintiff prays that she be awarded alimony and attorney fees.

To this petition an answer and cross petition was filed denying the allegations of the petition and as a cross petition charges the plaintiff with gross neglect of duty and extreme cruelty in that the plaintiff has an uncontrollable temper and has been very disagreeable and quarrelsome for the past 25 years becoming more ill-tempered and quarrelsome in recent years; that such ill-treatment and bad temper has caused plaintiff to become sick at various times. Defendant prays that the petition be dismissed, that he be granted a divorce on his cross petition and that he may be decreed to have sole title to the real estate described in his cross petition and in the personal property. Request was made for separate conclusions of fact and law.

The Court found that the parties were married on June 4, 1899 and that from the beginning of their marital relations they have been involved in separations and reconciliations, accusations and recriminations over a period of more than 30 years. The plaintiff is a woman of good character given to severe criticism of her husband; that she admitted that she would shoot him if she had a gun; that the defendant has supported her commensurate with his income;

that both parties were thrifty and that each, at the time of the hearing, was possessed of certain property, the total value of that belonging to the wife being $2500, and the value of the husband's personal property being $5600 and of his real estate $6000; that they are owners of household goods valued by the plaintiff at $500 and by the defendant at $1200; that the plaintiff has been guilty of extreme cruelty and gross neglect toward the defendant and the defendant is entitled to a decree of divorce. It is ordered that the marriage contract be dissolved and both parties released. It is further ordered that the plaintiff have the possession of all household goods in the residence and is entitled to all property now in her name and that the defendant be divested of any interest therein. The defendant is ordered to pay plaintiff the sum of $3000 in cash in lieu of alimony and $300 attorney fees and that the defendant possess as his own the property described in the entry and that the the plaintiff be divested of any interest therein.

The plaintiff-appellant urges that the Court erred in granting the divorce to the defendant and further in its order in reference to the property awarded to the plaintiff, claiming that it was inadequate under the testimony produced. The Court has read the rather drab testimony disclosed by the bill of exceptions. The evidence shows that the wife had a quick temper and was easily aroused; that she was of a dour and unsociable disposition and but little inclined to join with her husband in social relations with other people. The whole marital period was far from an interesting episode. There were three separations, that of 1904, 1907 and 1914. At the latter date the husband sued for divorce but the action was not pressed to a conclusion.

The husband was a skilled mechanic who rose through his talent and devotion to his trade to a position as a foreman, which he now occupies at a salary netting him $80 per week and he has some additional income from his investments. It might be noted that both the husband and wife seem to be given to speculation in whiskey certificates, although there is no evidence of any indulgence upon the part of the wife or excessive indulgence upon the part of the husband in the consumption of the commodity which afforded each the basis of investment.

The Court below was in a better position than this reviewing court to appreciate the background and to determine whether, under the conditions, there is any hope for reconciliation and whether the necessary facts have been established and we therefore must refuse to disturb the judgment of the court granting the divorce to the husband on the grounds stated.

Coming now to the distribution of the property our attention is directed to §11993 GC, which provides that when the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband's real or personal property, or both, as he deems just.

See **Hassaurek v Markbreit, Admr., 68 Oh St 554; Fenn v Fenn, 23 O. C. C. (N.S.) 205; Heflbauer v Heflbauer, 30 O. C. A., 454.**

We realize that a husband earning $80 a week could well make a weekly or monthly payment to the divorced wife to assist her in meeting the obligations and burdens that will confront her as a divorced woman. Both parties have reached advanced years. While their married life has not been happy it has been reasonably successful financially under the opportunities afforded to them. We believe that the allowance of $3000 cash is not a sufficient share of the husband's personal and real property considering the value of the real estate and the amount of personal property. It is a difficult matter to ascertain with exactness what should be awarded to the wife, but in our judgment, the decree of the court below could well be modified to the extent of allowing the wife $4500. If the parties can agree that this additional allowance of $1500 be paid in periodical

installments rather than as a cash payment that arrangement might be more satisfactory and we believe it could be legally accomplished under the decisions referred to.

Entry accordingly. Cause remanded.

HORNBECK, PJ, & BARNES, J, concur.