**HEPNER, Plaintiff-Appellee v. HEPNER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1754. Decided June 30, 1943.

Eliff, Miller & Patterson, Dayton, for plaintiff-appellee.
Otterbein Creager, Dayton, and Irvin C. Delscamp, Dayton, for defendant-appellant.

## OPINION

By GEIGER, J.

This case arose in the Common Pleas Court of Montgomery County, Division of Domestic Relations.

Gladys B. Hepner filed a petition against J. Robert Hepner. For her cause of action she asserted her own good conduct; that the defendant was guilty of gross neglect of duty in that he has failed to provide her with the common necessaries of life, and that by reason thereof, she has been compelled to earn her own livelihood ever since their marriage, and has been compelled to maintain the home and so expended all her earnings, and that hrough her own

earnings, she has purchased the greater portion of the household furniture.

The defendant, J. Robert Hepner, for answer, admits the marriage and denies all other allegations. On September 25, 1942, the court made an order to the effect that the cause came on to be heard upon the petition, the answer of the defendant and the evidence, the defendant having failed to appear on the day set for hearing. It was by the court adjudged that the marriage contract be and the same was dissolved, and the plaintiff restored to her maiden name. It was further ordered that the defendant pay to the plaintiff in money, the sum of $2500.00, and that the plaintiff have all household goods.

Notice of appeal was filed, together with Bill of Exceptions. An examination of the appeal from the order of the court granting the divorce, and the evidence relating thereto as disclosed by the Bill of Exceptions, shows no ground for reversal of the order of the court on this branch of the case. As to the duty of a reviewing court in divorce cases, see **Hawker v. Hawker, 14 Abs 113; Schaefer v. Schaefer, 29 Abs 40; Weller v. Weller, 35 Abs 631.**

On September 28, 1942, the defendant filed a motion to set aside the decree for divorce and the division of property, and for a new trial on the grounds:

1. That the court had no jurisdiction for the reason that the plaintiff at the time of filing her petition, had not been a resident of the state of Ohio, for one year last past, and was not a bona fide resident of Montgomery county.

2. That in May, 1941, she established a residence in Dearborn, Michigan; that the plaintiff and defendant lived together in Michigan as husband and wife and established their residence there, and remained as husband and wife in the city of Dearnborn; that on December 16, 1941, when the defendant was transferred in his employment from Detroit, Michigan, to Troy, Ohio, the plaintiff continued her residence in Dearborn, and has continued her residence and is still residing there.

3. The plaintiff has perpetrated a fraud upon this court in alleging and claiming that she was a bona fide resident of the county of Montgomery and the state of Ohio, as set forth in her petition.

By agreement of parties and consent of the court, the hearing on defendant's motion denying the juridiction of the court was reopened and the defendant introduced certain exhibits which purported to show that the plaintiff was a resident of Michigan at the time of the filing of her petition and the granting of the divorce. The cause came on for hearing upon the motion to vacate the judgment on the grounds and for the reasons above stated. Evidence was taken which was certified to by Margaret Murphy, official shorthand reporter, under the provisions of §11571 GC.

After the official stenographer had certified the Bill of Exceptions, there appears on page 44 of the record the decision of the

court upon the motion to set aside the judgment for the reasons contained in the motion. The court in his opinion states that the sole ground of the defendant's motion is that the plaintiff was not a resident of the state of Ohio for one year before the filing of her petition or of the county of Montgomery for thirty days prior thereto. The court states that Montgomery county was the original residence of the plaintiff and continued to be her place of residence, and finds that the defendant has failed to show by a preponderance of the evidence that the plaintiff did or ever intended to give up her domicile in Montgomery county, Ohio, but on the contrary, she did not have any intention of giving up her domicle in Montgomery county, Ohio, and that the plaintiff was, therefore, a resident of said county within the meaning of the General Code of Ohio at the time she filed her petition. And

"the court further finds that this court did have jurisdiction of the parties in this action. The motion of the defendant is, therefore, overruled, and an entry may be prepared in accordance with this decision."

We find no such entry in the record, but assume that the same was made and that if necessary there could be a diminution of the record or a nunc pro tunc order. We have gone over the Bill of Exceptions upon the question raised by the motion of the defendant that the plaintiff was not a resident of Montgomery county, Ohio, at the time she filed her petition. We do not find any notice of appeal from the judgment of the court on this question, but the transcript shows that the defendant proceeded as though an appeal had been perfected from the finding of the court. We shall proceed as if there is properly before this court an appeal from that finding. If the matter has not been properly appealed, what we now hold is without force.

The evidence shows that the plaintiff went to Michigan in connection with her war work in which she was engaged when her department was moved from Dayton to Detroit, Michigan. There is evidence on behalf of the husband that he accompanied her and that they lived together in Detroit and other Michigan towns, as husband and wife.

Much reliance is placed by the appellant upon the fact that his wife made application for and received license tags which she used on her car while in Michigan. Counsel for appellant erroneously states that the application for the license tags recites the fact that the appellee is a resident of Michigan. The application does not so state, but only gives the space for the insertion of the name, street and city address of the applicant. The form applies equally to a nonresident of Michigan as it does to one residing in that state.

452

There is no pertinent evidence establishing the fact that the plaintiff-appellee ever intended to relinquish her residence in Montgomery county, Ohio. She filed her petition as a resident of Montgomery county and state of Ohio and the defendant did not raise an issue of jurisdiction at that time or when the case was heard, but waited until the court had heard the case and made its decision before making a move to attack the jurisdiction of the court.

### ALLEGED CONDONATION

There is a suggestion in the Bill of Exceptions that there was condonation upon the part of the wife. Condonation is an affirmative defense and must be pleaded. **Winnard v. Winnard, 62 Oh App 351.** The defendant did not plead it in his original answer, neither did he refer to it as such in his motion attacking the court's jurisdiction. Inasmuch as he did not plead it and the court below did not pass upon it, the same is not before us.

We, therefore, find the court below had jurisdiction and that the divorce was properly granted. Judgment of the court below affirmed.