**DUFF, Plaintiff-Appellee, v. DUFF, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2277.   Decided April 14, 1954.

Baggott & Johnston, Horace W. Baggott, of Counsel, Dayton, for plaintiff-appellee.

Pickrel, Schaeffer & Ebeling, Virgil Schaeffer, of Counsel, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from a judgment of the Court of Domestic Relations for Montgomery County decreeing a divorce to the plaintiff, a division of property rights, and awarding the plaintiff alimony in the sum of $3,500.00.

The record discloses that a divorce and alimony were sought by the plaintiff on the grounds of gross neglect of duty, extreme cruelty and habitual drunkenness. The answer was a general denial and a cross-petition charging the plaintiff with extreme cruelty. It was further alleged in the cross-petition that "if she did have any complaint at all because of his drinking thereof prior to that date (April, 1952) she condoned it by continuing to live with him until November, 1952, and for a period of five months after he ceased to even drink a little wine or beer." The reply denied generally all the material allegations contained in the answer and cross-petition.

Five errors are assigned, but only one is discussed in the appellant's brief; hence, we shall limit our examination to that assignment, which is as follows:

"The judgment is not sustained by, and is contrary to the

weight of the evidence, which shows condonation by plaintiff-appellee of conduct of defendant-appellant complained of, and also her own misconduct by way of recrimination."

An examination of the record discloses that plaintiff offered sufficient evidence to entitle her to a divorce decree upon the grounds of extreme cruelty and habitual drunkenness if credence is to be given to this testimony. The defendant-appellant urges, however, that he plead condonation and that the record is not controverted that the defendant quit drinking in May and that the plaintiff continued to live with him until the following November when the separation took place. The record supports the foregoing statement, but the plaintiff testified that during this period the defendant's behavior toward her underwent little if any change, except that coldness, sullenness and indifference replaced brutality and drunkenness.

It should be noted that the divorce was granted for extreme cruelty and not for habitual drunkenness. The fact that he refrained from drinking for a period of some seven months is not proof that other acts of cruelty did not continue over that period of time. The court made no finding on the issue of condonation; hence it may be assumed that it found none to have existed. Condonation is defined in **14 O. Jur. 401, Section 21,** as,

"The forgiveness by a husband or wife of a marital wrong committed by the other, the effect of which is to prevent such a wrong from being afterwards urged as a ground for divorce."

It is an affirmative defense which must be pleaded and the burden is upon the defendant to establish it by a preponderance of the evidence. **Weller v. Weller, 35 Abs 631; Huffine v. Huffine, 36 Oh St 56; Mears v. Mears, 30 O. O. 177.** We find nothing in the record which shows that the plaintiff expressly forgave the defendant for his long years of misconduct. The fact that she continued to dwell in the same house with the defendant, after he quit drinking, does not of itself show a condonation. It perhaps shows that the wife hoped that some change for the better might occur as the result of her husband's sobriety, but the law should not penalize a wife for her patience with her husband's wrongdoing, either as an acquiescence or condonation. We are of the opinion that the court did not err in failing to find that the wrongful acts of the defendant had been condoned. The judgment finding the defendant guilty of extreme cruelty is therefore not against the manifest weight of the evidence.

The next question presented concerns the reasonableness

of the award of $3,500.00 as alimony. The record discloses that after making disposition of the personal property belonging to the parties the only property remaining was the family homestead, which was owned jointly and appraised at $14,-000.00. The court awarded the plaintiff $3,500.00 alimony, the same to be a lien upon the defendant's one-half interest in the real estate. The allowance of alimony awarded by the trial court must be reasonable, having due regard for the earning capacity of each of the parties, and the value of the real estate and personal estate of either at the time of the decree. The allowance may be by gross sum. **Sec. 3105.18 R. C.** In considering the amount to be allowed as alimony the trial court exercises "a very considerable amount of discretion." **Henry v. Henry, 157 Oh St 319.** Since the record discloses that the defendant is fifty-two years of age, steadily employed and earning from four to five thousand dollars per year, with a liberal retirement insurance fund to his credit, we cannot say that the award is against the manifest weight of the evidence.

We find no error in the record and the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.